UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SUMMERTIME PRODUCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:19-cv-00213-JPH-DLP |
| | ) |
| ATLANTIC PRODUCE EXCHANGE, LLC, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on the Plaintiff's Opposed Motion for Leave of Court to File Amended Complaint, Dkt. [41], and the Plaintiff's Opposed First Supplement to its Motion for Leave of Court to File Amended Complaint, Dkt. [63]. The motions were referred to the Undersigned for ruling.

### I.   Background

The Plaintiff, Summertime Produce, LLC, initiated this action against the Defendant, Atlantic Produce Exchange, LLC, on May 6, 2019, claiming that the Defendant breached the parties' verbal distribution agreement. (Dkt. 1). Specifically, Plaintiff asserts that the Defendant failed to adequately market and sell the Plaintiff's watermelon stock in 2018, leading to a violation of the Defendant's duties under the Perishable Agricultural Commodities Act. (Id. at 3-5).

After appearing for an initial pretrial conference on September 17, 2019, the parties' case management plan was approved on September 19, 2019 and set a

1

deadline of October 7, 2019 for amending all pleadings.[1] (Dkt. 29). On December 19, 2019, the Plaintiff filed the present motion to amend in order to add allegations related to the 2017 watermelon season, solidify breach of contract as its own distinct count, and add additional clarifying information to each count. (*See* Dkt. 41). The Defendant filed a response on January 1, 2020, and the Plaintiff filed a reply on January 13, 2020. (Dkts. 48, 56).

On January 23, 2020, Plaintiff filed a supplement to the motion to amend, requesting that additional allegations related to financial accounting of the 2018 season, along with the accounting of the 2014-2017 seasons, be added to the complaint. (Dkt. 63). The Defendant filed a response in opposition to the supplemental request on February 12, 2020, and the Plaintiff filed a reply on March 24, 2020. (Dkts. 83, 111). On July 22, 2020, Plaintiff filed a Notice Regarding its Motion to Amend Complaint stating that the Plaintiff had recently filed a separate lawsuit regarding the accounting for the 2014-2017 growing seasons and that the Plaintiff was withdrawing its request to add those allegations to the present complaint. (Dkt. 124).

On September 2, 2020, Plaintiff filed a Second Notice Regarding its Motion to Amend Complaint reiterating its intent to withdraw any allegations related to the 2014-2017 growing seasons and attached to the notice a proposed amended

---

[1] Due to a typographical error, the parties' approved case management plan references a deadline of October 7, 2010 for amending pleadings. The year should be 2019.

complaint. (Dkt. 131). The Defendant filed a response in opposition to the Plaintiff's second notice on September 4, 2020. (Dkt. 132).

## II.   Legal Standard

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings, noting that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule, however, is somewhat restricted when a scheduling order has been entered. *See Alioto v. Town of Libson*, 651 F.3d 715, 719 (7th Cir. 2011).

To amend a pleading after the scheduling order deadline, the heightened good cause standard of Rule 16 is applied before considering whether the requirements of Rule 15(a)(2) are met. *Alioto*, 651 F.3d at 719 (citing Federal Rule of Civil Procedure 16(b)(4)). Rule 16's good cause standard primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The diligence required to amend a pleading pursuant to Rule 16(b) "is not established if delay is shown and the movant provides no reason, or no good reason, for the delay." *Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 1:16-cv-726-TWP-MPB, 2018 WL 1241994, at *2 (S.D. Ind. Mar. 9, 2018) (citing *Alioto*, 651 F.3d at 719).

"Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *DR Distribs., LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019). "Ultimately,

'the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Id.* (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

### III. Discussion

On December 19, 2019, Plaintiff filed the Motion for Leave to File Amended Complaint, seeking to "conform its causes of action to include the 2017 growing season, include a cause of action for breach of contract and seek damages for commission forfeiture and punitive damages based on Defendant's breach of its fiduciary duty."[2] (Dkt. 41 at 1). In its Supplemental Motion, the Plaintiff indicates that the Defendant produced accounting records for the 2018 growing season on December 20, 2019 that failed to account for approximately $202,014.19 of revenue. (Dkt. 63 at 1). As such, the Plaintiff requested leave to amend "to include the factual allegations regarding Defendant's accounting, failure to pay what was owed to Plaintiff and for an accounting as to the 2014-2017 years." (Dkt. 63 at 3). Later, on July 22, 2020, Plaintiff filed a Notice to the Court that indicated its intent to withdraw the request to add accounting years 2014-2017 to this Complaint, and instead to only proceed with amending the Complaint with respect to the 2018 season. (Dkt. 124 at 2-3).

The Defendant objects to Plaintiff's original motion, arguing that granting leave to amend would be futile because (1) the Plaintiff was dilatory in seeking to

---

[2] The Plaintiff clarified in its reply brief that it is not seeking to add punitive damages and that its inclusion in the motion was an oversight.

4

amend; (2) the amendment would not cure lack of proper venue; (3) the amendment would add multiple new factual claims near the end of discovery; and (4) the amendment would severely prejudice the Defendant. (*See* Dkt. 48). The Defendant further contends that the Plaintiff's supplemental motion should be denied because the amendment is futile, the result of undue delay, and would cause undue prejudice. (Dkt. 83 at 5). The Court will consider each of Plaintiff's motions in turn.

   *a. First Motion to Amend Complaint*

As outlined above, because the Plaintiff's motion to amend was filed after the case management deadline for amending pleadings had already passed, the Court must first consider whether the Plaintiff satisfies the good cause standard laid out in Rule 16 before determining whether the Plaintiff meets the requirements for amending under Rule 15. The Court's primary consideration must be the diligence of the Plaintiff in seeking amendment.

Here, the case management plan set a deadline of October 7, 2019 for amending all pleadings, and the Plaintiff moved to amend the complaint on December 19, 2019. The Plaintiff does not acknowledge that the pleading amendment deadline has already passed in its original motion, only noting that "[t]hrough the discovery process and further investigation, documents and information came to light indicating that these changes needed to be incorporated into its Complaint against Defendant." (Dkt. 41 at 1). After the Defendant raises the issue of diligence in its response brief, the Plaintiff states in its reply that there could be no dilatory conduct because Plaintiff's counsel had significant family

5

emergency issues in September and October 2019 and a heavy caseload between October 2019 and January 2020. (Dkt. 56 at 1-2). Plaintiff provided a further reason for the delay: "Plaintiff realized its need to amend its pleading while it was preparing for depositions and preparing responses to Defendant's discovery requests, gathering documents, reviewing Plaintiff's document production, and affidavits. During this process, it became clear to Plaintiff that it needed to amend its pleading." (Dkt. 56 at 6).

Beyond counsel's personal issues, the Plaintiff barely provides a reason for its delay, other than that information was gleaned during the discovery process that alerted counsel to the need to amend the complaint. This case commenced in May 2019 and the parties convened for an initial pretrial conference on September 17, 2019; the Plaintiff, however, did not begin sending out discovery requests or fully complying with the duty to provide initial disclosures until November and December 2019, after the deadline for amending pleadings had already passed. (Dkt. 48 at 14; Dkt. 48-6 at 10-11). Prior to this time, the Plaintiff had not attempted to schedule any depositions, while the Defendant was actively trying to schedule ten depositions. (Dkt. 48-6 at 8; Dkt. 48 at 14-15). Plaintiff's diligence argument is thin, and the Court is not persuaded.

The Court is sympathetic to counsel's family emergency issues, and provided counsel with significant leeway during that time period, but a heavy caseload and packed schedule are not sufficient reasons to justify such a delay in seeking to amend. Moreover, the Court is unwilling to accept either alleged justification

because although Mr. Jones filed the majority of the motions and documents from this case's inception through his withdrawal in February 2020, Mr. Jones was not the only counsel of record for the Plaintiff during the relevant time period. Mr. Stokes, who is presently lead and only counsel for the Plaintiff, also had an appearance entered for the Plaintiff and could have stepped in when Mr. Jones' family issues and heavy caseload became unmanageable.

This case has been delayed several times, resulting in numerous deadline extensions. The extreme delay in the Court considering the requested amendment arose in no small part due to the parties' frequent, discovery issues and contention that this matter could be resolved through private mediation. Although the prejudice to the Defendant would be limited at this point, because there are no case management deadlines and no trial date, the Court's primary concern is the lack of diligence demonstrated by the Plaintiff and its counsel in seeking to amend the Complaint, especially in light of the delay in starting the discovery process. Without a show of diligence, the Plaintiff fails to meet Rule 16's good cause standard and, thus, the Plaintiff's original motion to amend the complaint (Dkt. 41) is denied.

    b. *Plaintiff's Supplemental Motion to Amend the Complaint*

In its Supplemental Motion, the Plaintiff requested leave to amend the complaint to add allegations related to the financial accounting of the 2014-2018 growing seasons. (Dkt. 63). After Plaintiff filed its Notice to the Court on July 22, 2020, however, the Plaintiff now only seeks to add a claim related to the financial

7

accounting of the 2018 growing season, the sole growing season presently at issue in this case. (Dkt. 124 at 2-3).

The Court first looks to whether the Plaintiff has satisfied the good cause standard laid out in Rule 16. As outlined above, the Court's primary consideration is the Plaintiff's diligence in seeking amendment. In its supplemental motion, the Plaintiff notes that on December 20, 2019, the Defendant responded to the Plaintiff's discovery requests by producing financial accounting records from the 2018 watermelon season. (Dkt. 63 at 1). After noticing a suspected discrepancy, the Plaintiff broached the issue with the Defendant on January 3, 2020, and discussed it later by email on January 20, 2020 and January 22, 2020. (Id. at 2). After receiving an allegedly inadequate response from the Defendant, on January 23, 2020, the Plaintiff proceeded to file the supplemental request to amend the complaint to add a claim related to the Defendant's financial accounting.

In its response, the Defendant claims that the Plaintiff was already in possession of the 2018 accounting records prior to the filing of this lawsuit. (Dkt. 83 at 12-13). Thus, it would be improper to permit the Plaintiff to add the additional claim when the information necessary to do so had been in its possession more than a year prior to the filing of the supplemental motion. (Id). In this case no evidence has been put before the Court that demonstrates the Plaintiff was in possession of the 2018 accounting records before December 20, 2019. The only evidence is Defendant's bare assertion; that, however, is not enough.

8

As of right now, the documented evidence shows that the Plaintiff received the 2018 accounting records on December 20, 2019, discussed potential issues with that production for the next month, and filed the supplemental motion to amend on January 23, 2020. At most, the Plaintiff took one month to consider the information, discuss the issue with the Defendant, and weigh its options. At this stage of the proceedings with the information presently before it, the Court concludes that the Plaintiff was diligent in seeking an amendment of the complaint with respect to the 2018 financial accounting records. Accordingly, the Plaintiff has established good cause to amend the complaint. With good cause established, the Court next turns to the Defendant's objections to the proposed amendment: futility and undue delay.[3] (Dkt. 83 at 5). The Court will address each of Defendant's objections in turn.

i. *Futility*

The Defendant argues that the Plaintiff's supplemental motion to amend is futile for two[4] reasons. First, the Defendant maintains that the original Complaint and the proposed amended complaint should be dismissed for lack of personal jurisdiction and improper venue. (Dkt. 83 at 6). The Plaintiff does not address this argument directly in its reply brief. After the supplemental motion was fully briefed, on May 14, 2020 the Court ruled on the Defendant's Motion to Dismiss and concluded that the Plaintiff met its burden to demonstrate that this venue is proper

---

[3] The Defendant made an additional argument related to undue prejudice, but that argument only addresses the addition of the 2014-2017 seasons. Because the Plaintiff withdrew its request to add claims related to the 2014-2017 growing seasons, the Defendant's undue prejudice argument is moot.
[4] The Defendant lists three reasons for the proposed amendment's futility, but the third reason only discusses why the 2014-2017 accounting records would be futile. Since the Plaintiff withdrew its request to add those claims, the Defendant's argument is moot.

9

and made the prima facie showing that this Court has personal jurisdiction over the Defendant. (Dkt. 115). The proposed amended complaint does not alter the allegations regarding jurisdiction and venue, a fact acknowledged by the Defendant in its brief. (Dkt. 83 at 8). As such, the Court finds that the proposed amendment would not be futile, insofar as this Court has already concluded that venue and jurisdiction are proper.

Secondly, the Defendant claims that there are no missing or unaccounted for funds in the 2018 season and, therefore, the proposed claim is without merit. (Dkt. 83 at 6). The Defendant provides minimal information on this point other than to say that the Defendant explained the accounting records to the Plaintiff and that Plaintiff simply misunderstands the situation. No other information has been provided to the Court on this issue; moreover, whether the Plaintiff can prove the allegation of missing or unaccounted for funds is for the discovery process to determine, not the Court at this stage of the proceedings. Therefore, the Court concludes that the Plaintiff's proposed amendment is not futile.

    *ii.*    *Undue Delay*

The Defendant next argues that the Plaintiff unduly delayed filing the supplemental motion and, therefore, should not be permitted to amend its complaint. This argument is largely similar to the diligence analysis the Court just conducted. Unlike the situation with the Plaintiff's first motion to amend the complaint, the Plaintiff acted quickly to discuss the perceived discrepancies with Defendant's counsel in early January 2020 and, after failing to come to an

agreement, moved to amend the complaint by the end of January 2020. The Plaintiff cannot be said to have unduly delayed in seeking to amend the complaint. Instead, the Court finds that the Plaintiff acted diligently. Accordingly, the Defendant's objections to the Plaintiff's supplemental motion to amend are overruled, and the Court finds good cause to grant the Plaintiff's request to amend to add a claim related to the 2018 accounting records.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Plaintiff's Opposed Motion for Leave of Court to File Amended Complaint, Dkt. [41]. The Plaintiff's Opposed First Supplement to its Motion for Leave of Court to File Amended Complaint, Dkt. [63], is **GRANTED IN PART**. Consistent with this opinion, the Plaintiff shall file an Amended Complaint within three (3) days of this order.

So ORDERED.

Date: 9/8/2020

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.